UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT C. SMITH,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS et al.

    Defendants.

CASE NO. C13-5138 RBL

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

Plaintiff asks the Court to reconsider the Order denying him an extension of time to respond to a motion for summary judgment (ECF No. 94). Motions for reconsideration are disfavored under this Court's Local Rules. *See*, Local Rule 7(h) which states:

> *Standard.* Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

1        The Court has reviewed plaintiff's argument and denies his motion.  Plaintiff's first
2 argument is that this was his first motion for an extension of time regarding this dispositive
3 motion. While plaintiff's statement is true, the Court noted that plaintiff has previously sought an
4 extension of time when defendants filed their first motion for summary judgment.  Thus, it is
5 also true that this is the second time plaintiff sought to delay the consideration of a dispositive
6 motion.  *See*, (ECF No. 20).  Plaintiff fails to show manifest error on this issue.
7        Plaintiff next argues that defendants deceived the Court by stating that plaintiff had no
8 "mandatory programming."  The Court finds both parties' initial statements to the Court are
9 misleading.  Plaintiff stated that it was mandatory for him to be involved with "positive
10 programming" and that he is assigned to "multiple mandatory programs."  (ECF No. 87, p. 2).
11 Plaintiff did not identify what he considered a mandatory positive program.
12        Defendants pointed out that plaintiff was not enrolled in any mandatory programs, but
13 defendants did not include plaintiff's work assignment (ECF No. 88 pp. 3-4).  Plaintiff fails to
14 show an extension of time is warranted based on his working two to four hours a day.  Further,
15 plaintiff fails to show he could not be relieved from work for law library if he had a deadline to
16 meet. Again, plaintiff fails to show the Court's prior ruling constitutes manifest error.
17        Plaintiff is correct when he states that contrary to defendants' assertions plaintiff did
18 attempt to sign up for law library a number of times (ECF No. 94).  However the record plaintiff
19 provides also reflects that plaintiff was scheduled for law library and he filed grievances because
20 the time conflicted with his voluntary bible study (ECF No. 94 attached grievance response to
21 grievance no. 13547340).  Thus, plaintiff's statement that mandatory programming caused a
22 scheduling conflict with law library time was not accurate.  Plaintiff made a choice not to attend
23 law library despite having a Court deadline.  The Court finds no error in the order denying
24

1 | plaintiff's motion for an extension of time even when it considers plaintiff's additional
2 | arguments.
3 |     Plaintiff was given thirty days to respond to a dispositive motion. Rather than comply he
4 | waited until the time had nearly elapsed and then submitted an inaccurate and misleading motion
5 | asking for an additional 30 days (ECF No. 87). The motion for reconsideration is denied.
6 |     Dated this 31st day of January, 2014.

                            J. Richard Creatura
                            United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION - 3